# EXHIBIT Y

## DEFENDANTS' ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

NOW COME Defendants, through their attorneys, Foley & Mansfield, PLLP, and in response to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents state as follows:

## REQUESTS TO PRODUCE

1. Please produce Lt. Michael Welch's personnel file.

**ANSWER:**

Defendants object to the production of personnel files of and documents regarding employees who are not parties to this litigation on the bases of privacy and relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1).  Without waiving said objections, Defendants state there are no disciplinary actions or promotions from July 2016 to January 2017 contained in Lt. Welch's personnel file, as ordered by this Court for other non-party officers in this Court's April 10, 2018 Order.  Pursuant to the Agreement between Lt. Welch and the Public Safety Commission, the discipline was removed from his personnel file upon notice of his retirement.

2. Please produce any and all communications or documents relating to Michael Welch's performance, including any complaints about his behavior or any

communications or documents about Michael Welch which was drafted, sent or received by an employee of Defendants, including Human Resources and any of Welch's past or present direct or indirect supervisors.

**ANSWER:**

Defendants object to the production of personnel files and documents regarding employees who are not parties to this litigation on the bases of privacy and relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objections, Defendants state there are no disciplinary actions or promotions from July 2016 to January 2017 contained in Lt. Welch's personnel file, as ordered by this Court for other non-party officers in this Court's April 10, 2018 Order. Pursuant to the Agreement between Lt. Welch and the Public Safety Commission, the discipline was removed from his personnel file upon notice of his retirement.

3. Please produce any documentation of disciplinary measures taken against Lt. Patrick Easton between January 2015 and the present.

**ANSWER:**

Defendants object to the production of personnel files of and documents regarding employees who are not parties to this litigation on the bases of privacy and relevance to Plaintiff's claim for violation of due process and 1st Amendment

3

Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objections, Defendants are working on this request and will produce, as soon as practicable, those portions of Lt. Easton's personnel file pertaining to disciplinary actions and promotions from July 2016 to January 2017, as ordered by this Court for other non-party officers in this Court's April 10, 2018 Order.

4. Please produce all documentation, recordings, transcripts, meeting minutes, agendas, and or notes taken in connection with the disciplinary hearing of Lt. Patrick Easton held in or about December 2017.

**ANSWER:**

Defendants object to the production of personnel files of and documents regarding employees who are not parties to this litigation on the bases of privacy and relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objections, Defendants are working on this request and will produce, as soon as practicable, those portions of Lt. Easton's personnel file pertaining to disciplinary actions and promotions from July 2016 to January 2017, as ordered by this Court for other non-party officers in this Court's April 10, 2018 Order.

4

5. Please produce any and all communications or documents (including but not limited to emails, text messages, phone records, interoffice communications or Departmental Communications, etc.) between Defendants/any employee of Defendants and the individuals or entity/entities whom Defendants engaged with regarding any disciplinary measures taken against Lt. Patrick Easton in 2017.

**ANSWER:**

Defendants object to the production of documents regarding discipline regarding employees who are not parties to this litigation on the bases of privacy and relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objections, Defendants are working on this request and will produce, as soon as practicable, those portions of Lt. Easton's personnel file pertaining to disciplinary actions and promotions from July 2016 to January 2017, as ordered by this Court for other non-party officers in this Court's April 10, 2018 Order.

6. Provide a copy of any and all liability, re-insurance, umbrella, and excess insurance policies in effect protecting against the risk of liability, which is involved in this action.

**ANSWER:**

5

Defendants are working on this request and will produce documents in their possession responsive to this request as soon as practicable.

7. Please produce all written rules, regulations, policies, guidelines, and other guidance regarding how the City of Melvindale is to evaluate, score, and award municipal contracts for the provision of services to or on behalf of the City.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce non-privileged documents in their possession responsive to this request as soon as practicable.

8. Please produce any and all records, notes, communications, and documents (including but not limited to emails, text messages, phone records, interoffice communications or Departmental Communications, etc.) regarding the scores awarded to each towing contract bid submitted to the City of Melvindale between January 1, 2011 and December 31, 2015.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce non-privileged documents in their possession responsive to this request as soon as practicable.

9. Please produce all documentation, recordings, transcripts, meeting minutes, agendas, and or notes taken in connection with any City Council Workshops held between January 1, 2012 and the present.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce, as soon as practicable, non-privileged documents in their possession responsive to this request for a period from June 1, 2016 to June 1, 2017, as ordered by the Court pertaining to Plaintiff's First Requests for Production of Documents pertaining to Melvindale City Council meetings.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

10. All audio and visual recordings of Plaintiff made by Defendants and any of Defendants' agents, employees, or entity/entities employed by Defendants (including but not limited to any Melvindale Police Department employees) that were created between January 1, 2012 and the present.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants performed a reasonable inquiry and do not possess documents responsive to this request.

11. Please produce a copy of the "audit book" referenced by David Cybulski in his deposition.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce the requested document as soon as practicable.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

12. Please produce a copy of David Cybulski's files regarding City Council Meetings and City Council Workshops, including but not limited to all notes and supporting documentation, as referenced by him in his deposition.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, please see the attached documents labeled Cybulski.

13. Please produce the "letter" from Robert Heck referenced by Lawrence Coogan in his July 3, 2016 email to Robert Heck.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce the requested document as soon as practicable.

14. Please produce any materials provided to the City or any City officials in connection with the "presentation" made by Goch & Sons Towing on or around May 20, 2015, as referenced by David Cybulski in his deposition.

9

**ANSWER:**

Defendants performed a reasonable inquiry and do not possess documents responsive to this request.

15. Please produce a copy of Nicole Barnes's files regarding City Council Meetings and City Council Workshops, including but not limited to all notes and supporting documentation, as referenced by her in her deposition.

**ANSWER:**

Defendant Barnes has made reasonable inquiry and does not possess documents responsive to this request.

16. Please produce copies of all emails, text messages, letters, notes, or other communications exchanged between Nicole Barnes and Matthew Furman; and Nicole Barnes and Patrick Easton between January 1, 2011 and the present.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment Retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce documents in their possession responsive to this request as soon as practicable.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

17. Please produce all fundraising records from the 2011 and 2015 City Council elections.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce non-privileged documents in their possession responsive to this request as soon as practicable.

18. Please produce all monthly reports on Melvindale's Budget Deficit sent by the City of Melvindale to the Michigan Department of Treasury between January 1, 2011 and the present, referenced by Nicole Barnes in her deposition.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce non-privileged documents in their possession responsive to this request as soon as practicable.

19. Please produce any materials presented and provided to the City Council and any other City officials in connection with the "presentation" made by John Allen on the subject of Central 9-1-1 Dispatch in or around September 2016, referenced by David Cybulski in his deposition.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants performed a reasonable inquiry and have determined that John Allen's presentation was made orally and there were no materials presented or provided to the City Council.

20. Please produce a copy of the written order given to Matthew Furman by Chad Hayse in or around 2015 ordering Furman to obtain a psychological evaluation which he referenced in his deposition.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, Defendants are working on this request and will produce documents responsive to this request as soon as practicable if such document exists.

21. Please produce a copy of all citizen complaints submitted via the "Citizen Complaint Form," email, or any other written means to any City employee or official, including the Chief of Police, Mayor, Public Safety Commission or its members, City Council or its members, or City Attorney regarding Matthew Furman dated between 2012 and the present.

**ANSWER:** Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, please see the attached citizen complaints.

22. Please produce a copy of the letter delivered to Matthew Furman on July 28, 2016 regarding the updated terms of his suspension that he referenced in his deposition.

**ANSWER:**

Please see the attached letter dated July 28, 2016 from Plaintiff to Matthew Furman.

23. Please produce a copy of all incident reports from the Records Management System written by or regarding Matthew Furman dated between 2012 and the present.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Defendants further object to this request as unduly burdensome. Based on Defendants' inquiry, there are 4,309 reports written by Matthew Furman between January 1, 2012 and January 1, 2017. Each report averages between three to six pages. Compliance with this request would require approximately 15,000 to 20,000 pieces of paper. Based on the limitations of the Records Management System, each report must be queried individually to be printed. Each report takes approximately five minutes to query and print. Based on the limitations of the Records Management System, it would take Defendants approximately two weeks, working twenty-four hours per day pulling and printing individual reports, in order to comply with this request. The Melvindale Police Department is understaffed as is and would have to pay officers overtime to comply with this request. The burden and expense to the City of Melvindale to comply with this request outweighs its likely benefit. Defendants have produced the list of 4,309 reports in order for Plaintiff's counsel to narrow this request.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

14

24. Please produce a copy of all moving violation citations written by or regarding Matthew Furman not related to towing dated between 2012 and the present.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Defendants further object to this request as unduly burdensome. Without waiving said objections, the Records Management System has the capability of filtering moving violation citations that result in tows, but it does not have the capability of filtering moving violation citations that do not result in tows. Defendants prepared a list of 5,539 moving violation citations written by Matthew Furman. Defendants prepared a list of all moving violation citations written by Matthew Furman that resulted in tows. To comply with this request would require Defendants to cross-reference all 5,539 citations with the list of citations that resulted in tows in order to leave only those citations that did not result in tows. Defendants cannot readily estimate how long this process would take. The Melvindale Police Department is understaffed as is and would have to pay officers overtime to comply with this request. The burden and expense to the City of Melvindale to comply with this request outweighs its likely benefit. Defendants

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

have produced the two lists in order for Plaintiff's counsel to process this information how they see fit.

25. Please produce a copy of all Union grievances filed by Matthew Furman between 2012 and 2016.

**ANSWER:** Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, please see the attached grievance dated August 3, 2016.

26. Please produce the written materials that Matthew Furman regularly keeps in his Melvindale Police Patrol Car that he referred to in his deposition, including but not limited to: "Michigan Vehicle Code Book;" "Commonly Used Ordinances;" "Michigan Compiled Law Book;" and "Towing Factsheet for Citizens."

**ANSWER:** Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Defendants object to this request as unduly burdensome, as the burden and expense for Defendants to comply with this request outweighs its likely benefit, and these documents are publicly available to Plaintiff through his

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

16

counsel either for purchase online from Amazon.com or free download. Answering further, several of these books are bound documents that would require copying of thousands of pages. Specifically, the 2017 Michigan Penal Code and Motor Vehicle Handbook contains 2,200 pages, and Michigan Criminal Law & Procedure, 3rd Edition, contains 542 pages. The Melvindale Police Department is understaffed as is and would have to pay officers overtime to comply with this request. The burden and expense to the City of Melvindale to comply with this request outweighs its likely benefit. Without waiving said objections, Defendants identify the materials below in order for Plaintiff to obtain copies.

Michigan Penal Code and Motor Vehicle Handbook

Michigan Criminal Law & Procedure, 3rd Edition

Stole Auto Identification Techniques

2015 Emergency Response Guidebook

27. Please produce any and all documents, records, exhibits, recordings, communications, or any other items of any kind that Defendants expect, intend, or anticipate relying upon to show that Michael Welch "recanted" or "perjured" his testimony during the August 29 and 30, 2016 termination proceeding for Chad Hayse.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Without waiving said objection, please see the attached document from the Public Safety Commission regarding the decision to suspend Lt. Michael Welch for thirty (30) days without pay. Answering further, the meeting was held in closed session and not recorded. Defendants also refer Plaintiff to Exhibit 1 to Lt. Welch's deposition. Defendants may also rely on the testimony of the members of the Public Safety Commission and Melvindale Police Department.

28. Please provide any and all documents tracking the number of tows, and the amount of revenue generated by the City of Melvindale for each tow completed between January 1, 2018 and the present.

**ANSWER:**

Defendants object to this request on the basis of relevance to Plaintiff's claim for violation of due process and 1st Amendment retaliation, per Fed. R. Civ. P. 26(b)(1). Defendants further object that this request is contrary to this Court's Order dated April 10, 2018, in which this Court ordered production of towing and ticket information until Plaintiff's date of termination, only.

Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220

29. Please produce any and all documents, records, exhibits, recordings, communications, or any other items of any kind that Defendants expect, intend, or anticipate relying upon or referencing during any deposition in this case or may offer into evidence during trial in this matter.

**ANSWER:** Defendants have not yet made this determination. Defendants will supplement this response, if necessary.

By: /s/ Melinda A. Balian
**FOLEY & MANSFIELD, PLLP**
130 East Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
mbalian@foleymansfield.com
P55744

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to:

dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
lawrencejcooganlaw@yahoo.com

and I hereby certify that I have mailed by US Postal Service to the following non-ECF participants: NONE.

/s/ Melinda A. Balian