**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL WELCH,

       Plaintiff,                 CASE NO.:  18-cv-11450
                                       HON. LAURIE J. MICHELSON
v.                                 MAG. JUDGE MONA K. MAJZOUB

CITY OF MELVINDALE, a political subdivision
of the State; MELVINDALE PUBLIC SAFETY
COMMISSION, a political advisory body of the
City of Melvindale; JEFFERY BOLTON,
KEVIN MCISAAC, MARTHA MCDANIEL,
PATRICIA HALL and LAWRENCE COOGAN,
individuals, sued in their official
and personal capacities,

       Defendants.

## DEFENDANTS, CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL AND PATRICIA HALL'S, ANSWER TO PLAINTIFF'S CORRECTED AMENDED COMPLAINT, RELIANCE UPON JURY DEMAND, AFFIRMATIVE DEFENSES and PROOF OF SERVICE

_____

| |
|---|
| DEBORAH L. GORDON  (P27058) |
| ELIZABETH MARZOTTO TAYLOR  (P82061) |
| **DEBORAH GORDON LAW** |
| Attorneys for Plaintiff |
| 33 Bloomfield Hills Pkwy. – Suite 220 |
| Bloomfield Hills, MI  48304 |
| (248) 258-2500 |
| (248) 258-7881 – fax |

AUDREY J. FORBUSH  (P41744)
**PLUNKETT COONEY**
Attorney for Defendants, City of
Melvindale, Melvindale Public
Safety Comm., Bolton, McIsaac,
McDaniel and Hall
Plaza One Financial Center
111 E. Court Street – Suite 1B

dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

CARLITO H. YOUNG  (P61863)
LAURA BAILEY BROWN  (P79742)
**JOHNSON,   ROSATI,   SCHULTZ   &
JOPPICH, P.C.**
Attorneys for Defendant Coogan
27555 Executive Drive – Suite 250
Farmington Hills, MI  48331
(248) 489-4100
(248) 489-1726 - fax
cyoung@jrsjlaw.com
lbrown@jrsjlaw.com

Flint, MI  48502
(810) 342-7014
(810) 232-3159 – fax
aforbush@plunkettcooney.com

_____

### DEFENDANTS, CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL AND PATRICIA HALL'S, ANSWER TO PLAINTIFF'S CORRECTED AMENDED COMPLAINT

**NOW COME** the Defendants, **CITY OF MELVINDALE, MELVINDALE**

**PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC,**

**MARTHA McDANIEL and PATRICIA HALL,** by and through their attorneys,

**PLUNKETT COONEY**, and for their Answer to Plaintiff's Corrected Amended

Complaint, state as follows:

### JURISDICTION AND PARTIES

1.     In response to the allegations contained in paragraph 1,

Defendants deny the violation of any of Plaintiff's constitutional rights and

affirmatively deny any type of conspiracy and/or retaliation.

2.      In response to the allegations contained in paragraph 2, same are admitted.

3.      In response to the allegations contained in paragraph 3, upon information and belief, same are admitted.

4.      In response to the allegations contained in paragraph 4, same are admitted.

5.      In response to the allegations contained in paragraph 5, it is admitted only that the Public Safety Commission for the City of Melvindale is an advisory commission.   The remainder of the allegations are denied as untrue and it is affirmatively stated that the Public Safety Commission is not a separate legal entity capable of being sued.

6.      In response to the allegations contained in paragraph 6, same are admitted.

7.      In response to the allegations contained in paragraph 7, same are admitted.

8.      In response to the allegations contained in paragraph 8, same are admitted.

9.      In response to the allegations contained in paragraph 9, same are admitted.

10.    In response to the allegations contained in paragraph 10, same are denied as untrue.  Defendant Alvarado was not on the Public Safety Commission in September 2016 and never voted on an action pertaining to Plaintiff.

11.    In response to the allegations contained in paragraph 11, same are admitted.

12.    No response required.

13.    In response to the allegations contained in paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

## BACKGROUND FACTS

14.    In response to the allegations contained in paragraph 14, upon information and belief, same are admitted.

15.    In response to the allegations contained in paragraph 15, upon information and belief, same are admitted.

16.    In response to the allegations contained in paragraph 16, upon information and belief, same are admitted.

17.    In response to the allegations contained in paragraph 17, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

18.    In response to the allegations contained in paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

19.    In response to the allegations contained in paragraph 19, same are denied as untrue in the form and manner alleged and in fact.

20.    In response to the allegations contained in paragraph 20, it is admitted that Plaintiff testified at a pre-termination hearing regarding former Chief Hayse.

21.    In response to the allegations contained in paragraph 21, same are denied as untrue in the form and manner alleged and in fact.

22.    In response to the allegations contained in paragraph 22, same are denied as untrue in the form and manner alleged and in fact.  Plaintiff did receive a notice of a Trial Board hearing, however, it was related to untruthful testimony provided by Plaintiff in the Hayse pre-termination hearing.

23.    In response to the allegations contained in paragraph 23, upon information and belief, same are admitted; however, Defendants rely upon the written documentation of the notice in its entirety.

24.    In response to the allegations contained in paragraph 24, same are denied as untrue in the form and manner alleged and in fact.

25.     In response to the allegations contained in paragraph 25, same are denied as untrue in the form and manner alleged and in fact.

26.     In response to the allegations contained in paragraph 26, same are denied as untrue in the form and manner alleged and in fact.

27.     In response to the allegations contained in paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

28.     In response to the allegations contained in paragraph 28, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

29.     In response to the allegations contained in paragraph 29, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

30.     In response to the allegations contained in paragraph 30, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

31.     In response to the allegations contained in paragraph 31, same are denied as untrue in the form and manner alleged and in fact.

32.     In response to the allegations contained in paragraph 32, Defendants admit that through negotiations with Plaintiff's union counsel and

the City's Corporation Counsel, Plaintiff agreed to a 30 day suspension, he agreed not to grieve the discipline and he agreed to provide truthful testimony in the future.  The remainder of the allegations are denied as untrue in the form and manner alleged and in fact.

33.   In response to the allegations contained in paragraph 33, same are denied as untrue in the form and manner alleged and in fact.  Plaintiff agreed, through his Union counsel, that he would not grieve his suspension.

34.   In response to the allegations contained in paragraph 34, same are denied as untrue in the form and manner alleged and in fact.

35.   In response to the allegations contained in paragraph 35, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

36.   In response to the allegations contained in paragraph 36, same are admitted.

37.   In response to the allegations contained in paragraph 37, upon information and belief, same are admitted.

38.   In response to the allegations contained in paragraph 38, upon information and belief, same are admitted.

39.    In response to the allegations contained in paragraph 39, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

40.    In response to the allegations contained in paragraph 40, same are denied as untrue in the form and manner alleged and in fact.

41.    In response to the allegations contained in paragraph 41, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

42.    In response to the allegations contained in paragraph 42, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.  Further, as to Defendant Alvarado, these allegations are denied as untrue.

43.    In response to the allegations contained in paragraph 43, same are denied as untrue in the form and manner alleged and in fact.

44.    In response to the allegations contained in paragraph 44, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

45.    In response to the allegations contained in paragraph 45, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

46.     In response to the allegations contained in paragraph 46, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

47.     In response to the allegations contained in paragraph 47, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

48.     In response to the allegations contained in paragraph 48, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

49.     In response to the allegations contained in paragraph 49, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

50.     In response to the allegations contained in paragraph 50, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

51.     In response to the allegations contained in paragraph 51, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

52.     In response to the allegations contained in paragraph 52, it is admitted that Defendant Coogan provided members of the Public Safety

Commission copies of Plaintiff's deposition transcript in the Hayse matter. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

53.    In response to the allegations contained in paragraph 53, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

54.    In response to the allegations contained in paragraph 54, same are denied as untrue in the form and manner alleged and in fact.

55.    In response to the allegations contained in paragraph 55, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

56.    In response to the allegations contained in paragraph 56, same are denied as untrue in the form and manner alleged and in fact.

57.    In response to the allegations contained in paragraph 57, same are denied as untrue in the form and manner alleged and in fact.

58.    In response to the allegations contained in paragraph 58, same are denied as untrue in the form and manner alleged and in fact.

59.    In response to the allegations contained in paragraph 59, same are denied as untrue in the form and manner alleged and in fact.

60.     In response to the allegations contained in paragraph 60, same are denied as untrue in the form and manner alleged and in fact.

## COUNT I
## 42 U.S.C. § 1983 – First Amendment Retaliation

61.     Defendants incorporate by reference paragraphs 1-60 of their Answer to Plaintiff's Corrected Amended Complaint with the same force and effect as though fully set forth herein.

62.     The statements contained in paragraph 62 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.   To the extent that a response is required, Defendants deny the violation of the First Amendment.

63.     In response to the allegations contained in paragraph 63, same are denied as untrue in the form and manner alleged and in fact.

64.     In response to the allegations contained in paragraph 64, same are denied as untrue in the form and manner alleged and in fact.

65.     In response to the allegations contained in paragraph 65, same are denied as untrue in the form and manner alleged and in fact.

66.     In response to the allegations contained in paragraph 66, same are denied as untrue in the form and manner alleged and in fact.

67.     In response to the allegations contained in paragraph 67, same are denied as untrue in the form and manner alleged and in fact.

68.     In response to the allegations contained in paragraph 68, same are denied as untrue in the form and manner alleged and in fact.

69.     In response to the allegations contained in paragraph 69, same are denied as untrue in the form and manner alleged and in fact.

70.     In response to the allegations contained in paragraph 70, same are denied as untrue in the form and manner alleged and in fact.

71.     In response to the allegations contained in paragraph 71, same are denied as untrue in the form and manner alleged and in fact.

72.     In response to the allegations contained in paragraph 72, same are denied as untrue in the form and manner alleged and in fact.

73.     In response to the allegations contained in paragraph 73, same are denied as untrue in the form and manner alleged and in fact.

74.     In response to the allegations contained in paragraph 74, same are denied as untrue in the form and manner alleged and in fact.

75.     In response to the allegations contained in paragraph 75, same are denied as untrue in the form and manner alleged and in fact.

76.     In response to the allegations contained in paragraph 76, same are denied as untrue in the form and manner alleged and in fact.

77.    In response to the allegations contained in paragraph 77, same are denied as untrue in the form and manner alleged and in fact.

78.    In response to the allegations contained in paragraph 78, same are denied as untrue in the form and manner alleged and in fact.

79.    In response to the allegations contained in paragraph 79, same are denied as untrue in the form and manner alleged and in fact.

## COUNT II
## 42 U.S.C. § 1985(2) – Conspiracy to Interfere with the Administration of Justice in Federal Courts

80.    Defendants incorporate by reference paragraphs 1-79 of their Answer to Plaintiff's Corrected Amended Complaint with the same force and effect as though fully set forth herein.

81.    The statements contained in paragraph 81 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants rely upon 42 U.S.C. § 1985(2) in its entirety.

82.    The statements contained in paragraph 82 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants rely upon 42 U.S.C. § 1985(3) in its entirety.

83.     In response to the allegations contained in paragraph 83, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

84.     In response to the allegations contained in paragraph 84, same are denied as untrue in the form and manner alleged and in fact.

85.     In response to the allegations contained in paragraph 85, same are denied as untrue in the form and manner alleged and in fact.

86.     In response to the allegations contained in paragraph 86, Defendants admit only that Defendant Coogan provided Public Service Commission members with a copy of Plaintiff's deposition transcript.  The remainder of the allegations are denied as untrue in the form and manner alleged and in fact.

87.     In response to the allegations contained in paragraph 87, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

88.     In response to the allegations contained in paragraph 88, same are denied as untrue in the form and manner alleged and in fact.

89.     In response to the allegations contained in paragraph 89, same are denied as untrue in the form and manner alleged and in fact.

90.    In response to the allegations contained in paragraph 90, same are denied as untrue in the form and manner alleged and in fact.

91.    In response to the allegations contained in paragraph 91, same are denied as untrue in the form and manner alleged and in fact.

92.    In response to the allegations contained in paragraph 92, same are denied as untrue in the form and manner alleged and in fact.

**COUNT III**
**42 U.S.C. § 1983 – Fourteenth Amendment Due Process**
**Procedural Due Process**
**Property and Liberty Interests**

93.    Defendants incorporate by reference paragraphs 1-92 of their Answer to Plaintiff's Corrected Amended Complaint with the same force and effect as though fully set forth herein.

94.    The statements contained in paragraph 94 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants deny the violation of any of Plaintiff's Fourteenth Amendment rights.

95.    The statements contained in paragraph 95 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, same are denied as untrue in the form and manner alleged and in fact.

96.    The allegations contained in paragraph 96 are denied as untrue in the form and manner alleged and in fact.

97.    The allegations contained in paragraph 97 are denied as untrue in the form and manner alleged and in fact.

98.    The allegations contained in paragraph 98 are denied as untrue in the form and manner alleged and in fact.

99.    The allegations contained in paragraph 99 are denied as untrue in the form and manner alleged and in fact.

100.   The allegations contained in paragraph 100 are denied as untrue in the form and manner alleged and in fact.

101.   The allegations contained in paragraph 101 are denied as untrue in the form and manner alleged and in fact.

102.   The allegations contained in paragraph 102 are denied as untrue in the form and manner alleged and in fact.

103.   The allegations contained in paragraph 103 are denied as untrue in the form and manner alleged and in fact.

104.   The allegations contained in paragraph 104 are denied as untrue in the form and manner alleged and in fact.

105.   The allegations contained in paragraph 105 are denied as untrue in the form and manner alleged and in fact.

106.   The allegations contained in paragraph 106 are denied as untrue in the form and manner alleged and in fact.

107.   The allegations contained in paragraph 107 are denied as untrue in the form and manner alleged and in fact.

108.   The allegations contained in paragraph 108 are denied as untrue in the form and manner alleged and in fact.

109.   The allegations contained in paragraph 109 are denied as untrue in the form and manner alleged and in fact.

110.   The allegations contained in paragraph 110 are denied as untrue in the form and manner alleged and in fact.

111.   The allegations contained in paragraph 111 are denied as untrue in the form and manner alleged and in fact.

112.   The allegations contained in paragraph 112 are denied as untrue in the form and manner alleged and in fact.

113.   The allegations contained in paragraph 113 are denied as untrue in the form and manner alleged and in fact.

114.   The allegations contained in paragraph 114 are denied as untrue in the form and manner alleged and in fact.

115.   The allegations contained in paragraph 115 are denied as untrue in the form and manner alleged and in fact.

116.   The allegations contained in paragraph 116 are denied as untrue in the form and manner alleged and in fact.

## COUNT IV
## Defamation

117.   Defendants incorporate by reference paragraphs 1-116 of their Answer to Plaintiff's Corrected Amended Complaint with the same force and effect as though fully set forth herein.

118.   To the extent the allegations contained in paragraph 118 pertain to these Defendants, same are denied as untrue in the form and manner alleged and in fact.

119.   In response to the allegations contained in paragraph 119, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

120.   In response to the allegations contained in paragraph 120, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

121. In response to the allegations contained in paragraph 121, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

122. In response to the allegations contained in paragraph 122, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

123. To the extent the allegations contained in paragraph 123 pertain to these Defendants, same are denied as untrue in the form and manner alleged and in fact.

124. In response to the allegations contained in paragraph 124, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

125. In response to the allegations contained in paragraph 125, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

126. To the extent the allegations contained in paragraph 126 pertain to these Defendants, same are denied as untrue in the form and manner alleged and in fact.

127. In response to the allegations contained in paragraph 127, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

## COUNT V
### Tortious Interference with a Contract or Advantageous Business Relationship or Expectancy

128. Defendants incorporate by reference paragraphs 1-127 of their Answer to Plaintiff's Corrected Amended Complaint with the same force and effect as though fully set forth herein.

129. The allegations contained in paragraph 129 do not pertain to these Defendants and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

130. The allegations contained in paragraph 130 do not pertain to these Defendants and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

131. The allegations contained in paragraph 131 do not pertain to these Defendants and therefore no response is required. To the extent a

response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

132. The allegations contained in paragraph 132 do not pertain to these Defendants and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

133. The allegations contained in paragraph 133 do not pertain to these Defendants and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

134. The allegations contained in paragraph 134 do not pertain to these Defendants and therefore no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

135. The allegations contained in paragraph 135 do not pertain to these Defendants and therefore no response is required. To the extent a

response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

136.   The allegations contained in paragraph 136 do not pertain to these Defendants and therefore no response is required.   To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiff to his proofs.

**WHEREFORE,** Defendants, **CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL and PATRICIA HALL,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

Respectfully submitted,

**PLUNKETT COONEY**

By ***/s/Audrey J. Forbush***
    AUDREY J. FORBUSH  (P41744)
    Attorney for Defendants, City of
        Melvindale, Melvindale PSC,
        Bolton, McIsaac, McDaniel,
        Hall
    Plaza One Financial Center
    111 E. Court Street – Suite 1B
    Flint, MI  48502

(810) 342-7014
aforbush@plunkettcooney.com

Dated:  July 26, 2018

**DEFENDANTS, CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL and PATRICIA HALL'S, RELIANCE UPON DEMAND FOR JURY TRIAL**

**NOW COME** the Defendants, **CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL and PATRICIA HALL,** by and through their attorneys, **PLUNKETT COONEY**, and hereby rely upon the demand for trial by jury filed by Plaintiff in the above-entitled cause of action.

Respectfully submitted,

**PLUNKETT COONEY**

By **/s/Audrey J. Forbush**
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants, City of
Melvindale, Melvindale PSC,
Bolton, McIsaac, McDaniel,
Hall
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated:  July 26, 2018

## <u>DEFENDANTS, CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL and PATRICIA HALL'S, AFFIRMATIVE DEFENSES</u>

**NOW COME** the Defendants, **CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL and PATRICIA HALL**, by and through their attorneys, **PLUNKETT COONEY**, and hereby assert the following Affirmative Defenses:

1.     Portions of Plaintiff's claims may be time-barred in that the applicable statute of limitations may have been exhausted.   Defendants reserve the right to conduct discovery on this issue.

2.     The Plaintiff may have failed to mitigate damages.   Defendants reserve the right to conduct discovery on this issue and to file the appropriate motion regarding same.

3.     Plaintiff has failed to state a claim upon which relief can be granted.

4.     The Melvindale Public Safety Commission is not a separate legal entity capable of being sued.

5.     Legitimate, nondiscriminatory, nonretaliatory reasons existed supporting Defendants' conduct.

6.      Plaintiff's claims may be barred to the extent that Plaintiff may have failed to exhaust his administrative remedies and/or Plaintiff and his union bargained/negotiated for his discipline and agreed to same.

7.      Plaintiff's claims are barred for the reason that Defendants' actions were based upon a legitimate business decision necessary to the operation of the City of Melvindale.

8.      The voluntary misconduct and noncompliance of the Plaintiff was the proximate cause of the injuries sustained, if any.

9.      Plaintiff was not engaged in "protected activity" as required by the First Amendment.

10.     There is no causal connection between the alleged protected activity and the actions taken by Defendants.

11.     Plaintiff cannot establish that he was treated differently than similarly situated individuals and/or entities.

12.     Plaintiffs' civil rights claims are barred as to the City of Melvindale and/or the Public Safety Commission for the reason that the theory of *respondeat superior* is not the basis for a viable claim under 42 U.S.C. § 1983.

13.     The proximate cause of any and all injuries suffered by the Plaintiff is the result of the Plaintiff's own contributory and/or comparative negligence.

25

14.   Plaintiff's claim is barred for the reason that the individual Defendants are entitled to qualified immunity, as their actions were objectively reasonable in light of the circumstances.

15.   Plaintiff's claims may be barred by collateral estoppel or res judicata and/or by release/settlement agreement/waiver of claims.

16.   Plaintiff has failed to identify any adverse employment action and his claims of retaliation must fail.

17.   Plaintiff has failed to allege or establish a deprivation of a constitutional right and/or a protected right and/or a liberty interest.

18.   Plaintiff was not engaged in protected activity as his speech was work-related speech and, therefore, his First Amendment claim must fail.

19.   At no time did Defendants violate clearly established statutory or constitutional rights of Plaintiff which any reasonable person should have known.  As such, the individually named Defendants are entitled to qualified immunity from Plaintiff's claims.

20.   Plaintiff has failed to identify any pattern, practice or procedure of the City of Melvindale and/or the Public Safety Commission which was the moving force of any violation of the Plaintiff's constitutional rights.

21.   Plaintiff's conspiracy claims are also unsustainable as a matter of law due to the intracorporate conspiracy doctrine.

22.    The individual defendants are entitled to governmental immunity as it relates to any state law claims.

23.    The City of Melvindale and/or the Melvindale Public Safety Commission is entitled to governmental immunity as it relates to any state law claims.  MCL 691.1407 et. seq.

24.    Plaintiff has failed to set forth a claim for violation of due process.

25.    Plaintiff was provided with notice and an opportunity to be heard.

26.    Plaintiff cannot establish a protected property interest.

27.    Defendants reserve their right to amend these affirmative defenses as they become known through the course of discovery.

Respectfully submitted,

**PLUNKETT COONEY**

By ***/s/Audrey J. Forbush***
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants, City of
Melvindale, Melvindale PSC,
Bolton, McIsaac, McDaniel,
Hall
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated:  July 26, 2018

## <u>PROOF OF SERVICE</u>

KATHALEEN M. FORDE hereby certifies that on the 26th day of July, 2018, she caused to be served a copy of DEFENDANTS, CITY OF MELVINDALE, MELVINDALE PUBLIC SAFETY COMMISSION, JEFFREY BOLTON, KEVIN McISAAC, MARTHA McDANIEL and PATRICIA HALL'S, ANSWER TO PLAINTIFFS' CORRECTED AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, RELIANCE UPON JURY DEMAND and PROOF OF SERVICE via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, Southern Division, which will then provide electronic notice of this filing to counsel of record.

*/s/Kathaleen M. Forde*
KATHALEEN M. FORDE

Open.20213.81784.20664782-1