UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL WELCH,**

    Plaintiff,

vs.

**CITY OF MELVINDALE,** *a political Subdivision of the State*; **MELVINDALE PUBLIC SAFETY COMMISSION,** *a political advisory body of the City of Melvindale*; **JEFFERY BOLTON, KEVIN MCISAAC, MARTHA MCDANIEL, PATRICIA HALL,** and **LAWRENCECOOGAN,** *individuals, sued in their official and personal capacities,*

    Defendants.

Case No: 18-cv-11450
Hon. Laurie J. Michelson
Mag. Mona K. Majzoub

_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**PLUNKETT COONEY**
Audrey J. Forbush (P41744)
Attorney for Defendants, City of Melvindale, Melvindale Public Safety Comm., Bolton, McIsaac, McDaniel, Hall & Alvarado
Plaza One Financial Center
111 E. Court Street- Suite 1B
Flint, Michigan 48502
(810) 342-7014/Fax (810) 232-3159
aforbush@plunkettcooney.com

**JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.**
Carlito H. Young (P61863)
Laura B. Brown (P79742)
Attorneys for Lawrence Coogan, Only
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100/Fax (248) 489-1726

cyoung@jrsjlaw.com
lbrown@jrsjlaw.com
_____

# JOINT CASE MANAGEMENT REPORT / DISCOVERY PLAN

Plaintiff and Defendants, by and through their respective counsel, submit the following Joint Case Management Report/Discovery Plan:

1)     **Related Cases.** There is a companion case that has previously been filed in the United States District Court, Eastern District of Michigan, where is was given docket number 17-cv-13294 and is assigned to Linda V. Parker.

2)     **Jurisdiction.** The basis for the Court's jurisdiction is over Plaintiff's federal law claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 USC § 1367. Defendants do not contest that this Court has jurisdiction over Plaintiff's claims.

3)     **Venue.** The events giving rise to this matter occurred in the Eastern District of Michigan, and as a result venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391.

4)     **Jury or Non-Jury**. This case is to be tried before a jury.

5)     **Factual Summaries of the Case**.

**Plaintiff's Statement:** This is an action by Plaintiff Michael Welch against Defendants City of Melvindale, Melvindale Public Safety Commission, Jeffrey Bolton, Kevin McIsaac, Martha McDaniel, Patricia Hall, and Lawrence Coogan for

retaliating against Plaintiff for exercising his Constitutional rights, conspiring to intimidate and retaliate against Plaintiff because of his testimony in a federal civil lawsuit in violation of federal law, and for defamation and tortious interference with a contract or advantageous business expectancy.

Plaintiff Michael Welch served as a Melvindale police officer for 20 years. In Defendants' own words, Plaintiff exhibited "peerless performance…marked by unsurpassed efficiency and excellence." However, when Plaintiff opposed the rogue and unlawful behavior of his subordinate, Melvindale Police Corporal Matthew Furman (who single-handedly generated tens-of-thousands of dollars in revenue for the City), and refused to go along with the City's witch hunt against the only other command officer who had stood against Furman—former Melvindale Police Chief Chad Hayse—they decided to end his career. There is absolutely no evidence that Plaintiff's testimony in August 2016 or March 2018 was false. It is undisputed that the only evidence of what transpired during the trial board are the memories and subjective opinions of the attendees, many of whom have a direct interest in silencing Plaintiff. Plaintiff's testimony was truthful. However, Defendants simply did not like Plaintiff's truthful testimony at Hayse's 2016 termination proceeding, or his 2018 deposition testimony in Hayse's lawsuit against Defendants. Accordingly, Defendants publically condemned Plaintiff as a "perjurer," suspended him, and moved to further discipline him in September

2016, and April and May 2018 because of the testimony he gave under oath at the August 2016 disciplinary proceeding and March 2018 deposition.

**Statement of Defendants City of Melvindale, Melvindale Public Safety Commission, and Commission Members Bolton, McIsaac, McDaniel, and Hall**:

Defendants City of Melvindale, Melvindale Public Safety Commission and Commission members Jeffrey Bolton, Kevin McIsaac, Martha McDaniel, Patricia Hall (collectively, "City Defendants") deny taking any retaliatory action against Plaintiff. Rather, as a result of Plaintiff's own actions, he agreed (while represented by his union and legal counsel for the union) to a 30 day unpaid suspension. Plaintiff has not been subjected to any other discipline but for the discipline he agreed to. These defendants deny any conspiracy, deny any retaliation and assert that they acted in an objectively reasonable manner given the totality of the circumstances as they understood them. These defendants deny placing any label upon the Plaintiff and rely on Plaintiff's own admissions (written and oral) with regard to his statements at the September 2016 hearing.

**Statement of Defendant Coogan:**

Defendant Coogan denies any violation of Plaintiff's constitutional rights and any type of conspiracy, retaliation, defamation, or tortious interference with a contract or business expectancy. Rather, Plaintiff's employment was subject to the terms of a Collective Bargaining Agreement, and through his union representative

3

and legal counsel, Plaintiff negotiated and agreed to discipline for his actions including a 30-day, unpaid suspension. He has been subject to no discipline other than that to which he negotiated and agreed. Defendant Coogan further relies on Plaintiff's own admissions, both written and oral, with regard to his statements at the September 2016 hearing.

Moreover, at all times relevant to this action, Defendant Coogan was acting in his capacity as corporation counsel to the City of Melvindale and the Public Safety Commission. Communications he had with the City and Commission were in the context of privileged legal advice or legal opinions and are protected under the attorney-client privilege or attorney work product doctrine.

6) **Pendant State Claims.** This case includes pendent state claims of defamation and tortious interference with a contract or advantageous business expectancy.

7) **Amendment of Pleadings.** The parties do not anticipate amending the pleadings at this time.

8) **Anticipated Motions.** At this point in time, the parties anticipate filing motions in limine pre-trial.

9) **Disclosures and Exchanges.** The parties request that the Court permit them to waive the disclosure requirements set forth in Rule 26(a)(1) because the parties intend to address the topics covered by this Rule through discovery.

10) **Discovery.** The parties believe that all discovery proceedings can be completed by **February 25, 2019**. The parties recommend the following discovery plan:

The parties believe that discovery in this matter is necessary with regard to:

a. each of Plaintiffs' claims raised in the Complaint;

b. each of Defendants' defenses asserted in Defendant's Answer, Affirmative and Additional Defenses to Plaintiffs' Complaint;

c. any witnesses that may have any information related to Plaintiffs' claims and Defendants' defenses;

d. any documents which support the allegations and claims raised by Plaintiffs or which support Defendants' defenses; and

e. Plaintiffs' claims for damages (compensatory, punitive or otherwise).

The parties reserve the right to discover material and/or testimony relating to the other relevant subject areas that may arise during the discovery period.

If a party seeks to exceed the number of interrogatories allowable under Fed. R. Civ. P 33(a)(1), the number of depositions allowable under Fed. R. Civ. P. 30(a)(2)(A)(i), or the duration of a deposition under Fed. R. Civ. P. 30(d)(1), the parties will first endeavor to resolve the matter in good faith prior to seeking leave of the Court.

Due to the complex fact pattern and multitude of actors involved in this case, Plaintiff anticipates requesting to deviate from the number of depositions allotted under the Federal Rules. Plaintiff has identified at least 15 individuals who he will

need to depose in this case. Defendants do not stipulate to increasing Plaintiff's allotted number of depositions beyond those permitted under the Federal Rules of Civil Procedure. Accordingly, Plaintiff anticipates filing a motion to increase his allotted number of depositions.

The discovery process will satisfy the proportionality requirements of Fed. R. Civ. P. 26(b)(1) through the parties discovery on the subjects of Plaintiff's employment history, involvement in and testimony during the August 2016 disciplinary proceeding related to the employment of former Melvindale Police Chief Chad Hayse, Plaintiff's September 2016 trial board and suspension, Plaintiff's March 2018 deposition testimony, and Defendants' 2018 attempts to discipline Plaintiff for his March 2018 testimony. The most accessible sources of information about these subjects are the deposition testimony of key witnesses identified, and the records of Plaintiff and Defendants. Because most, if not all of the documents exchanged during discovery are very easily accessible and reproducible, and the parties intend to pursue only that discovery that is truly necessary to resolve the case, the costs associated with discovery should be minimal. The parties do not foresee that the costs of discovery will be out of proportion with the amounts at stake in this litigation.

Pursuant to Fed. R. Civ. P. 26(b), the parties have identified the following key witnesses and documents:

6

- Plaintiff's key witnesses include but are not limited to:
    - Defendants Bolton, McIsaac, McDaniel, Hall, and Coogan; and
    - Chester Kulesza, Brandon Canfield, Stacy Striz, Robert Kennaley, Daniel Jones, and others to be identified as discovery proceeds;

- Plaintiff's key documents include but are not limited to:
    - Plaintiff's personnel file and performance history; Defendants' and their agents communications regarding Plaintiff's testimony in August 2016 and March 2018;
    - Documentation of Defendants' inquiries/investigations into Plaintiff between 2016 and the present; Documents Defendants relied on as a basis for any discipline and/or prospective discipline of Plaintiff between 2016 and the present;
    - Communications, records (meeting minutes, recordings, notes, etc.), and other documentation related to the trial board disciplinary proceeding regarding Plaintiff's employment in September 2016, and Defendants' attempts to discipline Plaintiff in 2018; and others to be identified as discovery proceeds.

- Defendants' key witnesses include but are not limited to:
    - To those listed by plaintiff above as well as Plaintiff Welch, former Chief Chad Hayse, Rich Ortiz, and others to be identified as discovery proceeds

- Defendants' key documents include but are not limited to:
    - To those listed by Plaintiff and others to be identified as discovery proceeds

During the 26(f) Joint Case Management Telephonic Conference held on July 23, 2018, the parties discussed and agreed to the following plan:

- Discovery Begins: **July 23, 2018**

- Fact Witness Lists Exchanged By: **September 28, 2018**

- Fact Discovery Cutoff: **December 21, 2018**

- Expert Disclosures: **90 days before Trial**

- Expert Discovery Cutoff: **February 25, 2019**

- Dispositive Motions Filed By: **March 25, 2019**

- Motions In Limine: **30 days before the Final Pretrial Conference**.

- Final Pretrial Order: **14 days prior to the Final Pretrial Conference**.

- Final Pretrial Conference: **Date and time set by the Court.**

- Trial Date: **Date and time set by the Court, the Plaintiffs anticipate being prepared for trial by May 2019. Trial preparation for the defense will be determined upon the briefing schedule set by the Court on the anticipated dispositive motions.**

11) **Disclosure / Discovery of Electronically Stored Information.** The parties have discussed the production of electronically stored information and do not believe that an Order Relating to the Discovery of Electronically Stored Information is necessary in this action. The parties agree that ESI to be preserved includes certain emails, and other communications and records related to the subject matter of Plaintiff's allegations in his First Amended Complaint. The parties will confer in good faith regarding the format in which ESI will be produced. The parties agree that ESI will not be unnecessarily produced in multiple formats and copies.

8

12) **Assertion of Claims of Privilege or Work-Product Immunity after Production:** The parties do not anticipate any issues regarding privileges, but will bring any issues that may arise to the Court's attention. Defendants state that at all times relevant to this action, Defendant Coogan has been and continues to serve as corporation counsel for the City of Melvindale and for the Melvindale Public Safety Commission, and it is his position that communications he had with the City and Commission are protected under the attorney-client privilege or attorney work product doctrine. If a party inadvertently produces documents, information, or materials that are privileged in whole or in part, the parties agree that no privilege will be deemed waived by such inadvertent production and all applicable privileges will remain effective so long as the producing party provides the receiving party with reasonable notice of the inadvertent production.

13) **Protective order.** The parties believe that a protective and/or confidentiality order is required in this matter. Counsel are working in good faith to agree upon the terms. If unable to agree upon the appropriate terms, any party may move for a protective order as provided in the Federal Rules of Civil Procedure.

14) **Alternative Dispute Resolution.** The parties acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution,

and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

- Plaintiff: facilitative mediation (E.D. Mich. LR 16.4), and settlement conferences (E.D. Mich. LR 16.6).

- Defendants: settlement conferences facilitated by a magistrate judge.

15) **Length of Trial.** Counsel estimate that the trial will last approximately 12 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows: 7 days for Plaintiff's case; 4-5 days for Defendants' case.

16) **Consent**.  The parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct trial or to rule on dispositive motions in this action.

WHEREFORE, the above-captioned parties have conferred in good faith with respect to the proposed discovery plan, and submit the proposed discovery plan to the Court pursuant to Fed. R. Civ. P. 26(f).

As stipulated to:

Dated:       August 15, 2018                    Dated:  August 15, 2018

**DEBORAH GORDON LAW**                          **PLUNKETT COONEY**
/s/Deborah L. Gordon (P27058)                   /s/Audrey J. Forbush (P41744)
Elizabeth Marzotto Taylor (P82061)              Attorney for Defendants, City of
Attorneys for Plaintiff                         Melvindale, Melvindale Public
33 Bloomfield Hills Parkway, Suite 220          Safety Comm., Bolton, McIsaac,
Bloomfield Hills, Michigan 48304                McDaniel, Hall & Alvarado
(248) 258-2500/Fax (248) 258-7881               Plaza One Financial Center

dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

111 E. Court Street- Suite 1B
Flint, Michigan 48502
(810) 342-7014/Fax (810) 232-3159
aforbush@plunkettcooney.com

**JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.**
Carlito H. Young (P61863)
/s/Laura B. Brown (P79742)
Attorneys for Lawrence Coogan, Only
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100/Fax (248) 489-1726
cyoung@jrsjlaw.com
lbrown@jrsjlaw.com