# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL WELCH,

      Plaintiff,                                       CASE NO.: 18-cv-11450
                                                       HON. LAURIE J. MICHELSON
v.                                                  MAG. MONA K. MAJZOUB

CITY OF MELVINDALE, a political subdivision
of the State; MELVINDALE PUBLIC SAFETY
COMMISSION, a political advisory body of the
City of Melvindale; JEFFERY [c/k/a JEFFREY] BOLTON,
KEVIN MCISAAC, MARTHA MCDANIEL,
PATRICIA HALL and
LAWRENCE COOGAN, individuals, sued in
their official and personal capacities,

      Defendants.

---

DEBORAH L. GORDON  (P27058)
ELIZABETH MARZOTTO TAYLOR  (P82061)
**DEBORAH GORDON LAW**
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy. – Suite 220
Bloomfield Hills, MI  48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

CARLITO H. YOUNG  (P61863)
LAURA BAILEY BROWN  (P79742)
**JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.**
Attorneys for Defendant Coogan
27555 Executive Drive – Suite 250
Farmington Hills, MI  48331
(248) 489-4100
cyoung@jrsjlaw.com
lbrown@jrsjlaw.com

AUDREY J. FORBUSH  (P41744)
**PLUNKETT COONEY**
Attorney for Defendants, City of Melvindale, Melvindale Public Safety Comm., Bolton, McIsaac, McDaniel, Hall
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

## **STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action ("Litigation") have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, and/or proprietary; and

WHEREAS, Plaintiff Michael Welch ("Plaintiff") and Defendants City of Melvindale, Melvindale Public Safety Commission, Jeffrey Bolton, Kevin McIsaac, Martha McDaniel, Patricia Hall, and Lawrence Coogan ("Defendants") have agreed, through their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1.　All confidential Discovery Material in the Litigation shall be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this Litigation, Defendant or Plaintiff, any party to the Litigation, or any third-party discloses Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential." A disclosing party may designate information produced in discovery as Confidential Material only if the disclosing party determines, in good faith, that such material constitutes: (a) trade secrets; (b) information of a proprietary nature; (c) Plaintiff's or Defendants' financial or tax information; (d) medical records related to Plaintiff; and/or, (e) any other information in which any

party or any third-party has a reasonable expectation of privacy (such as social security information, health information, etc.).

2. Documents are to be designated as "Confidential" by stamping each page of the document with the corresponding legend; however, the failure to stamp covered pages or documents "Confidential" in no way alters or waives the protected and confidential nature of the Confidential Material or documents and does not remove them from the protection of this Order. If the Discovery Material is marked, the parties will ensure that the marking shall not cover or block the substance of the Discovery Material in any way. Deposition testimony may be designated "Confidential" by so indicating orally on the record during the deposition. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

3. In the event that a document is produced without the designation "Confidential" and it is later determined, in good faith, that such a designation should have appeared on the document, the designating party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the receiving party in writing of the change in, or addition of, a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the document is to be governed.

4. Any person in possession of Confidential Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

5. Confidential Material shall not be disclosed, except as provided in paragraph 6, except upon prior written consent of the designating party.

6. Discovery Material that is designated "Confidential" may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) the Court (including any appellate court) and Court personnel;
    (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;
    (c) attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;
    (d) parties to the Litigation and their officers, directors, trustees, and employees;
    (e) the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;
    (f) anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness;
    (g) experts, advisors, consultants, and other persons engaged to assist in the Litigation;
    (h) mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to the Litigation to participate in a resolution of the Litigation; and
    (i) any other person, designated in a written agreement of counsel for the parties or by Order of this Court, after notice to both parties.

All persons to whom Confidential Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order.

7. In the event that counsel for any signatory to this Order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith. If agreement is not reached, the parties will follow the Court's procedures for the resolution of discovery disputes. The parties acknowledge and agree that the burden for demonstrating whether material is properly designated as Confidential is on the designating party.

8. Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever and shall not prevent any party requesting that particularly sensitive documents be subject to more stringent restrictions prior to being produced to the other party.

9. This Order shall have no effect upon a designating party's use of its own Confidential Material.

10. The inadvertent failure to designate Discovery Material as Confidential shall be corrected by supplemental written notice to the receiving

party as soon as practicable to prevent further use or disclosure of Confidential Material contained therein by such persons.

11. Nothing in this Order shall prevent the parties from filing a motion for modification of this Protective Order, either by stipulation, or with good cause shown, or from using the Court's procedures to determine whether the other party has inappropriately designated information or documents as "Confidential." This Court retains continuing jurisdiction to enforce this Order.

12. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

13. The parties acknowledge and agree that if documents or information produced in discovery are subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information

until the claim is resolved. The parties further acknowledge and agree that production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Confidentiality Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. This Order does not, in itself, authorize the filing of any documents under seal. Documents may be filed under seal <u>only</u> if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, local rules, standing orders, and any other orders entered in this matter with regard to the filing of materials under seal.

15. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

16. Upon request of the designating party, and following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Material shall, upon request, either: (1) make such material available for pickup by counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof

have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Order.

17. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

18. Prior to the time this Order is entered by the Court, Confidential Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

**IT IS SO ORDERED**.

Date: October 23, 2018         s/Laurie J. Michelson
                               United States District Judge

**APPROVED AS TO FORM AND CONTENT**:

By: /s/ *Elizabeth Morzotto Taylor*
    DEBORAH L. GORDON (P27058)
    ELIZABETH MORZOTTO TAYLOR (P82061)
    Attorneys for Plaintiff

By: /s/*Audrey J. Forbush*
    AUDREY J. FORBUSH (P41744)
    Attorney for Defendants - City of Melvindale, Melvindale Public Safety Commission, Bolton, McIsaac, McDaniel, & Hall

By: /s/ *Laura B. Brown*
    CARLITO H. YOUNG (P61863)
    LAURA B. BROWN (P79742)
    Attorneys for Defendant Coogan