UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL WELCH,**

    Plaintiff,

vs.

**CITY OF MELVINDALE,** *a political Subdivision of the State*; **MELVINDALE PUBLIC SAFETY COMMISSION,** *a political advisory body of the City of Melvindale*; **JEFFERY BOLTON, KEVIN MCISAAC, MARTHA MCDANIEL, PATRICIA HALL, JOSEPH ALVARADO,** and **LAWRENCE COOGAN,** *individuals, sued in their official and personal capacities,*

    Defendants.

Case No: 18-cv-11450
Hon. Laurie J. Michelson
Mag. Mona K. Majzoub

_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**PLUNKETT COONEY**
Audrey J. Forbush (P41744)
Rhonda R. Stowers (P64083)
Attorney for Defendants, City of Melvindale, Melvindale Public Safety Comm., Bolton, McIsaac, McDaniel, Hall & Alvarado
Plaza One Financial Center
111 E. Court Street- Suite 1B
Flint, Michigan 48502
(810) 342-7014/Fax (810) 232-3159
aforbush@plunkettcooney.com
rstowers@plunkettcooney.com

**JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.**
Carlito H. Young (P61863)
Laura B. Brown (P79742)
Attorneys for Lawrence Coogan, Only

27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100/Fax (248) 489-1726
cyoung@jrsjlaw.com
lbrown@jrsjlaw.com

_____

## SUPPLEMENTAL CASE LAW REQUESTED DURING ORAL ARGUMENT ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

The Sixth Circuit has firmly established that an "influential recommender" sued in his individual capacity may be liable for First Amendment retaliation claims, despite the fact that the individual may not be a final decision-maker.

In *Ward v. Athens City Bd. of Educ.*, 187 F.3d 639, *8-9 (6th Cir. 1999), the Sixth Circuit held that while the board of education "had the last word," it was clear that the board members voted largely out of deference to the principals' and superintendent's recommendation. The Sixth Circuit concluded that such an "an influential recommender" can be liable under § 1983 without being the final decision-maker, if the recommendations are shown to be sufficiently influential.

In *Gilbrook v. City of Westminster*, 177 F.3d 839, 854–55 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999) (internal quotations omitted), the Sixth Circuit similarly held that even though a final decision-maker may stand between the wrongfully motivated subordinate and the plaintiff, the element of causation is satisfied if the final decision-maker "would not have considered" the adverse

action "if [the wrongfully motivated subordinate] had not brought charges in reprisal for protected activity in the first place."

Additionally, in *Christian v. Wal-Mart Stores,* 252 F.3d 862, 877 (6th Cir.2001), the Sixth Circuit held that a "recommender" may be held liable as long as the employee can prove a "causal nexus" between the decision of the final decision-maker and the recommender's improper animus. In such a situation, the plaintiff must offer evidence that the recommender's improper animus was the cause of the adverse employment action or somehow influenced the ultimate decision-maker. *Id.*

As set forth in his brief, Plaintiff adduced significant evidence that Coogan's recommendations were sufficiently influential; that the individual Public Safety Commissioners likely would not have considered suspending Plaintiff in 2016 and again threatening Plaintiff's employment in 2018 but for Coogan's retaliation; and that Coogan's improper animus caused the adverse actions and influenced the ultimate decision-makers. *See* ECF 42, Pg. ID 3474-89; 3500-03; 3517.

Dated: November 27, 2019

Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 27, 2019, I electronically filed the foregoing document and Exhibits with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

                                        Deborah L. Gordon (P27058)
                                        Attorneys for Plaintiff
                                        33 Bloomfield Hills Parkway, Suite 220
                                        Bloomfield Hills, Michigan 48304
                                        (248) 258-2500